**JS-6**; O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-2978-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | February 27, 2012 |

| | |
|---|---|
| Title | In re MARCIANO |

| | |
|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: |
|---|---|

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

The Official Committee of Unsecured Creditors ("Committee") appeals from an order of the bankruptcy court denying in part a motion filed by the Chapter 11 bankruptcy trustee ("the Trustee").  In relevant part, that motion sought to require counsel for the Chapter 11 debtor Georges Marciano to file retroactive employment and fee applications for the period in which the involuntary Chapter 11 petition was pending, known as the "Gap Period."  The bankruptcy court ruled that Marciano's counsel would not be required to file applications for this period. Although the Trustee declined to appeal that ruling, the Committee seeks to overturn it. This Court holds that the Committee lacks standing because it did not join in the Trustee's motion or otherwise voice its support for the motion before the bankruptcy court issued its ruling. Accordingly, the Court dismisses the Committee's appeal.

## I.    FACTS

On October 27, 2009, several of Marciano's creditors filed an involuntary bankruptcy petition against Marciano under Chapter 11 of the Bankruptcy Code. On December 28, 2010, the bankruptcy court entered an order of relief, bringing Marciano's estate under the bankruptcy court's jurisdiction. The bankruptcy court and the parties refer to this period–from the filing of the involuntary petition to the entry of the order of relief–as the "Gap Period." On March 7, 2011, the bankruptcy court appointed David K. Gottlieb as the trustee of Marciano's bankruptcy estate. During the period starting with the entry of the order of relief and ending with the Trustee's appointment, Marciano was

**JS-6**; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2978-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | February 27, 2012 |
|----------|--------------------------------------------------|------|-------------------|

| Title | In re MARCIANO |
|-------|----------------|

a "debtor-in-possession" under bankruptcy law.  For that reason, that period is referred to as the "DIP Period."

        After his appointment, the Trustee moved for an order requiring Marciano's attorneys to file employment and fee applications for their representation of Marciano "from the petition date to the date of the Trustee's appointment"–that is, for both the Gap Period and the DIP Period.  Marciano objected to the motion and the Trustee filed a reply. The Committee did not join in the Trustee's motion or file any other papers indicating a position as to the Trustee's motion.  On November 23, 2011, the bankruptcy court issued a written order requiring Marciano's counsel to file employment applications only for work performed during the DIP Period.[1] The bankruptcy court declined to decide whether to require Marciano's counsel to submit applications for the Gap Period and instead continued the hearing on the matter.  Pursuant to the court's ruling, Hill Farrer & Burrill ("HFB"), a law firm representing Marciano, filed an employment application for the DIP Period.  Shortly thereafter, both the Trustee and the Committee filed objections to HFB's application for the DIP Period.[2]

        At a hearing on February 12, 2012, the bankruptcy court took up the matter of whether Marciano's counsel would be required to submit employment applications for the Gap Period.  Peter Davidson, counsel for the Committee, appeared at the hearing. Davidson did not, however, voice the Committee's views on the matter, despite the fact that the bankruptcy court invited the assembled attorneys to speak before it issued its ruling. E.R. 697 ("THE COURT: And the Court's reviewed  the case law on that issue. I don't know if people want to talk about it. If not the Court is ready to make a ruling. Okay."). The bankruptcy court then ruled that it would not require Marciano's counsel to submit an employment application for the Gap Period.  About three weeks later, the

---

        [1] The order indicates that a hearing was held on the motion on November 10, 2011. *See* E.R. 198. The Committee has not included a transcript of this hearing in the record on appeal.  Thus, it is unclear whether counsel for the Committee entered an appearance in that hearing.

        [2] The bankruptcy court denied HFB's DIP Period application and ordered it to disgorge the compensation it received for this period. This Court affirmed those rulings on appeal. *See* CV 12-2890-AHM and CV 12-5042.

**JS-6**; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2978-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | February 27, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

bankruptcy court issued a written order formalizing its oral ruling.

## II.   ANALYSIS

Marciano contends that the Committee does not have standing to appeal because it did not join in the Trustee's motion to require Marciano's counsel to file an employment application.[3] The Committee counters that its appearance at the February 12, 2012 hearing and its timely notice of appeal suffice to give it appellate standing.

To have standing to appeal a bankruptcy court order, an appellant must show that he objected to the bankruptcy court order below and that he appeared at the hearing on the matter.  *See In re Comm. West. Fin. Corp.*, 761 F.2d 1329, 1335 (9th Cir. 1985) ("attendance and objection" are "prerequisites" to establishing appellate standing except where the appellant did not have notice of the hearing); *accord In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010); *Lynch v. Calif. Public Utilities Comm'n*, 311 B.R. 798, 803 (N.D. Cal. 2004) (Walker, J.) ("Federal courts agree that, to have standing to bring a bankruptcy appeal, appellants must have attended the bankruptcy court proceedings and timely objected to the order."), *vacated as moot*, 171 F. App'x 581 (9th Cir. 2006). The only exception to these requirements–for cases where an appellant can prove that he did not have notice of the motion or hearing in the bankruptcy court–is inapplicable in this case. *See Comm. West. Fin. Corp.*, 761 F.2d at 1335. These requirements "reflect the need for economy and efficiency in the bankruptcy system" by "reducing the number of ancillary suits that can be brought in the bankruptcy context." *In re Ray*, 597 F.3d at 874 (quoting *Comm. West. Fin. Corp.*, 761 F.3d at 1335). In light of the purposes served by these requirements, courts seem to have interpreted them strictly.  In *Ray*, the appellant's

---

[3] Although the bankruptcy court bifurcated its decision on the motion–first ruling that employment and fee applications were required for the DIP Period and later ruling that no such applications were required for the Gap Period–the briefing on the motion by Trustee and Marciano addressed both time periods together.  The Committee did not join in the Trustee's motion or submit any briefing on the matter. Although the Committee did file objections to HFB's application for the DIP Period, those papers addressed whether the DIP Period application should be *approved*, not whether a Gap Period application should be *required*. Although the arguments may overlap somewhat, the distinction between whether an application was required and whether HFB's particular application should have been approved is a significant one.

**JS-6**; O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2978-AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | February 27, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

attorney had attended the underlying hearing, but only on behalf of another party. The Seventh Circuit held that because the attorney did not enter an appearance or voice objections *on behalf of the appellant*, the appellant had not fulfilled the appearance and objection requirements. *Id.* at 875-877.

Although the Committee's attorney entered an appearance at the February 12 hearing, the Committee did not, at any point, voice its support of the Trustee's position that Marciano's attorneys should be required to file employment and fee applications. The Committee asserts that "the court was aware of Appellant's support for the Trustee's position," Reply Br. at 3, but it does not cite any evidence from the record to support that assertion. The Committee did not file any papers on the matter, it did not join in the Trustee's motion, and it failed to say anything on the subject at the February 12 hearing.[4] In sum, there is no evidence that the Committee fulfilled the "objection" requirement for appellate standing.

The Court acknowledges that the term "objection" is ill-fitting to the procedural posture of this appeal. Discussion of that requirement typically arises in cases in which an appellant asserts that he has been aggrieved by an order *granting* a motion; both *Ray* and *Commercial West Financial Corp.* fit into this mold. The posture of the instant appeal is dissimilar, because the Committee contends it has been aggrieved by the bankruptcy court's *denial* of the Trustee's motion, and the Trustee himself has declined to appeal. Nonetheless, the Court sees no reason why this somewhat unusual posture should absolve the Committee of its failure to inform the bankruptcy court of its views prior to ruling. Although the Committee's position apparently overlapped with the arguments that the Trustee made to the bankruptcy court, waiving the objection requirement in all cases where another party made arguments similar to the appellant's position would allow appeals no matter how indifferent the appellants were in not participating actively in the bankruptcy court proceedings. Such a permissive view would be a significant departure from the strict approach employed by other courts. *See, e.g.*, *Ray*, 597 F.3d at 874. Moreover, there is little or no basis for this Court to assume

---

[4]Nor does the Committee assert that it voiced its views at the prior hearing on November 10, 2011–at which the bankruptcy court ruled that an application would be required for the DIP Period–and a transcript from that hearing has not been included in the appellate record.

**JS-6**; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2978-AHM <br> Bk. Case No. 1:11-BK-10426-VK | Date | February 27, 2012 |
|----------|---------------------------------------------------|------|-------------------|
| Title    | In re MARCIANO                                    |      |                   |

that the Committee's arguments would have precisely mirrored those made by the Trustee.  Indeed, that the Committee appealed while the Trustee did not evinces a distance between their respective positions on the issue. The Committee should not be allowed to present arguments to this Court that it withheld from the bankruptcy court.

Accordingly, this Court holds that the Committee lacks standing to appeal the denial of the Trustee's motion.

## III.    CONCLUSION

The appeal is DISMISSED.  No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

JS - 6

|  | : |  |
|--|---|--|
| Initials of Preparer | | SMO |

cc: **Bankruptcy Court**